THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RAYMOND E. MEYERS, Defendant-Appellant.

(No. 72-84;

Fifth District—November 8, 1974.

Robert E. Farrell and Stephen P. Hurley, both of Mt. Vernon, and Kenneth L. Jones and Gordon L. Berry, both of Chicago, all of State Appellate Defender's Office, for appellant.

Bernard G. Heiligenstein, Special State's Attorney, of Carlyle, for the People.

PER CURIAM:

The defendant Raymond Meyers was convicted in the circuit court of Clinton County of the violation of section 1 of "An Act to prevent and punish the desecration, mutilation or improper use of the flag of the United States of America" (Ill. Rev. Stat. 1969, ch. 56¼, par. 6). He waived trial by jury and in a bench trial was found guilty and sentenced to 2 weeks in the county jail, 2 years' probation, and a fine of $70.

Defendant makes several contentions in this appeal, but we deem it necessary to discuss only defendant's contention that his conduct did not constitute a violation of the offense charged.

Defendant was charged with violating the second part of section 1 (Ill. Rev. Stat. 1969, ch. 56¼, par. 6), which provided:

"Any person who publicly mutilates, defaces, defiles or defies, tramples or casts contempt upon, whether by words or act, any such flag, standard, color or ensign shall be punished by a fine of not less than one thousand dollars nor more than five thousand dollars or by imprisonment in the penitentiary from one to five years or both."

The defendant was specifically charged with publicly trampling on the American flag.

The prosecution called only two witnesses at the trial, Policemen Charles Perkojski and Ronald Edmonson. Perkojski testified that on July 31, 1971 he entered Fairview Park in Centralia, Illinois, and observed a group of people, including the defendant, around a small pond. As Perkojski approached the group he noticed that the defendant was lying on the American flag. Perkojski parked his squad car and got out to talk to the defendant, at which time he called Officer Ronald Edmonson to assist him. As Perkojski approached, the defendant commenced to arise and momentarily stood on the flag while getting up. The defendant then picked up the flag and put it in a car which was parked nearby. Perkojski testified that there were other people in the park at the time, but that he knew of no disturbance in the park. To Perkojski's knowledge, none of the other people in the park were excited by the defendant's actions. Edmonson testified that when he arrived in Fairview Park he observed the defendant reach down, pick up the American flag, wad it up and put it in a car. Edmonson stated that he did not see the defendant lying on the flag.

In our opinion, the foregoing evidence is insufficient to prove that the defendant publicly trampled on the flag as alleged in the indictment. The evidence that he was lying on it does not prove that he was trampling on ·it; nor was his mere act of stepping on it while getting up equivalent to public trampling on it. Since we reach this conclusion, we do not consider other contentions urged by the defendant.

Since the evidence in this case is insufficient to prove any violation of the statute in question by the defendant, this case must be reversed and the fine levied against him returned to him, since such fine is not authorized by statute.

Judgment reversed with directions.

Mr. JUSTICE CREBS took no part in the consideration or decision of this case.